GEORGE T. COOKINGHAM *v.* HANNAH LASHER, Admx. of ABRAHAM LASHER, deceased.

The nonjoinder of a dormant partner as co-defendant cannot be plead in abatement, when the plaintiff has no means of knowing of the partnership.

When a copartner makes a contract in his own name, without disclosing the partnership, when sued individually upon such contract, he cannot turn the plaintiff over to a litigation with a stranger.

THE action was brought by plaintiff against Abraham Lasher, now deceased, for a breach of warranty in the exchange of two pairs of horses. The defendant, in his answer, denied the complaint; and also alleged, as a defense, that, at the time of the exchange of the horses, the defendant and one Deyo were joint owners of the horses transferred and sold to the plaintiff, and that the contract of warranty, if any was made, was the joint contract of defendant and Deyo, who was then living at Lexington, in the State of New York, and should have been joined as a party with the defendant in the action which said Deyo and defendant were, at the time, copartners in the business of buying, selling, trading and exchanging horses. The cause was referred, and the referee, after hearing the proofs of the parties, made a report in favor of the plaintiff for the sum of $150, besides costs, upon which judgment was entered.

The referee found as facts that the defendant Lasher and Deyo were copartners in the business of buying, trading and selling horses at the time of the sale and

transfer of the horses to the plaintiff, and were, at that time, joint owners of the horses sold and transferred to the plaintiff; that, at the time of the transfer and sale, the plaintiff had no knowledge or notice of the copartnership between the defendant and Deyo, or that they were joint owners of the horses sold to the plaintiff; that the defendant sold and transferred the horses to the plaintiff in his own name, and so, also, made the representations and warrants mentioned in the complaint; that at the time of the trade and transfer of the horses to plaintiff by defendant, the defendant represented and warranted said horses to the plaintiff as right, sound, kind and gentle; that said horses were not as represented and warranted to the plaintiff by defendant, but one of said horses was unsound and wind broken, and the other was not kind and gentle, single; that the difference in the value of said horses, if as represented and warranted by the defendant, and as they really were, was at least $150.

And he found as his conclusions of law: 1st. That when one copartner makes a sale or disposition of the partnership property in his own name, and without disclosing the name of his copartner or copartners having an interest therein, and at the same time makes a warranty of the soundness thereof, also in his own name, an action may be maintained against him for a breaking of the contract of warranty, without joining his copartner in the action:

2d. That in this action the plaintiff is entitled to recover of the defendant as damages, the sum of $150. The defendant excepted to the referee's conclusions of law.

The judgment entered on the report of the referee was affirmed by the Supreme Court, and the defendants appealed to this court. During the pendency of the appeal the defendant died, and the action has been continued against his personal representative.

*A. J. Parker*, for plaintiff.

*D. K. Olney*, for defendant.

WRIGHT, J. The sole point is whether the action is maintained against the defendant Lasher alone, or whether the plaintiff can only recover in a suit against Lasher and Deyo.

I am clearly of the opinion that the action was properly brought against Lasher individually. He alone made the contract. The plaintiff was not informed, and did not know that Deyo had any interest in the horses. It was intended to be a contract between the plaintiff and Lasher only, and the warranty was made by Lasher personally. This the referee has found.

The defendant having made the contract in his own name and not in that of himself and copartner, he cannot turn the plaintiff over to a litigation with a stranger, simply because the latter had an interest in the property sold. He cannot evade his personal liability to the plaintiff, nor compel him to bring in another person to divide the responsibility with him, because the plaintiff contracted with him alone, and not with him as the agent of a copartnership of which he was one of the members.

The nonjoinder of a dormant partner as co-defendant, cannot even be pleaded in abatement, when the plaintiff has no means of knowing of the partnership. If, at the time of the contract, the creditor knows that his debtor has a dormant partner, he should regularly make the latter a co-defendant; but if he does not, and the nonjoinder is objected to, it will be left with the jury to say with what parties the contract was intended to be made. Collyer on Partnership, § 719, and cases cited in the notice. In this case, as has been stated, the referee has expressly found that the contract of warranty was intended to be made between the plaintiff and the defendant.

The judgment should be affirmed.

All concur.

Judgment affirmed.

JOEL TIFFANY, <em>State Reporter.</em>